UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
MARIANNA CILAURO and JOSEPH CILAURO,          16-cv-02110-CS

                        Plaintiffs,

                                              <u>**AMENDED COMPLAINT**</u>
        -against-
                                              **PLAINTIFFS DEMAND**
GLEASON INDUSTRIAL PRODUCTS, INC.,            **TRIAL BY JURY**
PRECISION PRODUCTS, INC. and HOME DEPOT
USA INC.,

                        Defendants.
----------------------------------------X

        Plaintiffs by their attorneys WEISFUSE & WEISFUSE complaining

of the defendant, upon information and belief, allege:

## JURISDICTION

        1.    Jurisdiction of this Court is based upon diversity of

citizenship between plaintiffs and defendant pursuant to 28 USC

§ 1332.

        2.    The amount in controversy, exclusive of interest and

cost, exceeds the sum of $75,000.

        3.    Venue properly lies in this District pursuant to 28

USC § 1391.

## PARTIES

        4.    Plaintiffs MARIANNA CILAURO ("Cilauro") and JOSEPH

CILAURO were and are citizens of the State of New York.

        5.    Defendant GLEASON INDUSTRIAL PRODUCTS, INC.

("Gleason") is a foreign corporation doing business as

Milwaukee.

6.    At all times herein stated, defendant Gleason engaged in the distribution and sale of Milwaukee hand trucks ("Hand Truck") with a bungee cord ("Bungee Cord") in New York.

7.    At all times herein stated, defendant HOME DEPOT USA INC. ("Home Depot") was a foreign corporation duly licensed to do business in the State of New York.

8.    At all times herein stated, defendant Home Depot sold the Hand Truck with the Bungee Cord to the public.

9.    At all times herein stated, defendant PRECISION PRODUCTS, INC. ("Precision") was a foreign corporation doing business as Milwaukee.

10.   At all times herein stated, Defendant Precision was doing business as Gleason.

11.   At all times herein stated, defendant Precision was engaged in the distribution of the Hand Truck, which included the Bungee Cord in the State of New York.

12.   At all times herein stated, defendant Gleason purchased the Bungee Cord from Illinois Enterprises Co. ("Illinois"), for the purpose of selling it to retailers with the Hand Truck.

13.  At all times herein stated, Defendant Precision purchased the Bungee Cord from Illinois, for the purpose of selling it to retailers with the Hand Truck.

14.  At all times herein stated, Illinois manufactured the Bungee Cord.

15.  Illinois is a foreign corporation, which is not subject to jurisdiction in the State of New York.

16.  At all times herein stated, Gleason sold for retail sale the Hand Truck with the Bungee Cord to Home Depot within the State of New York.

17.  At all times hereinafter, Home Depot owned and operated a store located at 150 Midland Ave., Port Chester, New York, 10573 ("The Store").

18.  At all times herein stated, Precision sold for retail sale the Hand Truck with Bungee Cord to Home Depot stores within the State of New York.

19.  Plaintiff Cilauro purchased the Hand Truck, which included the Bungee Cord, from The Store on May 10, 2015.

20.  The Bungee Cord had hooks on each end ("Hooks").

21.  The intended use of the Bungee Cord was to hold boxes in place on the Hand Truck.

22.  The Bungee Cord was manufactured by Gleason.

23.  The Bungee Cord was manufactured by Precision.

24.  The Bungee Cord was distributed by Gleason.

25.  The Bungee Cord was distributed by Precision.

26.  The Bungee Cord was intended to be used with the Hand Truck.

## FIRST CLAIM

27.  Plaintiffs repeat each and every allegation set forth previously as if set forth fully herein.

28.  On September 10, 2015, Cilauro brought the Hand Truck with the Bungee Cord to a trade show in Penn Pavilion Plaza located at 401 7th Avenue in the City, County, and State of New York, to be used to transport boxes.

29.  On September 10, 2015, at about 4 p.m., one of the Bungee Cord Hooks detached from the Bungee Cord while it was connected to the Hand Truck, causing the Bungee Cord to strike Cilauro's eye with great force, resulting in serious injuries.

30.  Said injuries were caused by the negligence of defendants in manufacturing, distributing, and selling the Hand Truck with a defective Bungee Cord; manufacturing and selling the Bungee Cord, which was unsafe for its intended use; in manufacturing and selling a defective Bungee Cord which was dangerous to its users when used in the intended manner; in

failing to properly fasten the Hook to the Bungee Cord to prevent it from detaching; in having insufficient hook-cord connection strength; in failing to do adequate testing to ensure hook-cord connection resistance in accordance with industry elastic strap requirements; in the Bungee Cord possessing unacceptable variation in manufacturing with respect to knot geometry; in failing to have a robust enough Bungee Cord knot to handle reasonably foreseeable loading conditions; in failing to warn of the dangers of the Bungee Cord; in failing to instruct that goggles be worn when using the Bungee Cord; in failing to provide goggles with the Hand Truck; in failing to design the Bungee Cord using a safe alternative design to prevent the Bungee Cord from detaching from the Hook; in negligently designing the Bungee Cord in such a way that it could easily separate from the Hook; in failing to properly inspect the Bungee Cord before it was sold; in failing to adequately test the Bungee Cord to ensure its safety; in failing to recall the Bungee Cord; in failing to warn of the dangers of using the Bungee Cord; in failing to design the Bungee Cord to be safe for its intended use; in manufacturing and selling the Bungee Cord which was otherwise defective and unsafe for its intended use;

in providing a bungee cord with the Hand Truck as opposed to a different safer device; and in otherwise being negligent.

31. At all times hereinafter mentioned Defendants had a duty to exercise reasonable care in the design, manufacture, assembly, and sale of the Bungee Cord, including the duty to ensure that the Bungee Cord was not unreasonably dangerous.

32. Defendants knew, or in the exercise of reasonable care should have known, that the Bungee Cord was not properly manufactured and designed, and was unreasonably dangerous for its intended use.

33. Defendants breached its duty to Plaintiff by failing to exercise ordinary care in the manufacturing, design, assembly, and sale of the Bungee Cord, which was defective.

34. Defendants further had a duty, once it became aware of the defective nature of its Bungee Cord, to remediate and remedy the defect, to make certain that no further Bungee Cords were distributed and sold with the defect, and to warn those who have already purchased them of the defect, and recall the Bungee Cord.

35. Defendants failed to take reasonable steps or to make appropriate remediation after it became aware of the defect in the Bungee Cord.

36. Defendants further had a duty to inspect the Bungee Cord to ensure that it was safe for its intended use before it was sold.

37. Defendants failed to take reasonable steps to inspect the Bungee Cord before it was sold to Cilauro.

38. CPLR Article 16 does not apply by reason of one or more of the exceptions contained in Article 1602.

39. As a direct and proximate cause of defendants' negligence, Cilauro has suffered serious personal injuries, and has been damaged in a sum of money that exceeds the jurisdictional limits of this Court.

## SECOND CLAIM (Strict Liability)

40. Plaintiffs repeat each and every allegation set forth in the first cause of action as if set forth fully herein.

41. Defendant Gleason placed the Hand Truck and Bungee Cord into the stream of commerce.

42. Defendant Precision placed the Hand Truck and Bungee Cord into the stream of commerce.

43. Defendant Home Depot sold the Hand Truck with Bungee Cord to Cilauro.

44. At the time the Hand Truck with Bungee Cord left Defendants' control, and was placed in interstate commerce, the

Bungee Cord was defective and dangerous, in that one of the Hooks was not properly affixed to the cord, was dangerous when used in its intended manner, and was defectively designed.

45.  Reasonable alternative methods of fabricating and designing the Bunge Cord were available to make and sell a safe Bungee Cord.

46.  Defendants failed to properly and adequately inspect the Bungee Cord to insure that it was not defective and that it was safe for its intended use.

47.  The Bungee Cord as manufactured and/or sold by Defendants remained unchanged, and was in the same condition until it became detached from the Hook at the time of the injury herein alleged.

48.  At the time of Plaintiff Cilauro's injury the Bungee Cord was being used for its ordinary purpose and in the manner normally intended.

49.  The defective condition of the Bungee Cord was not reasonably perceivable by the ordinary user of the Bungee Cord.

50.  By reasons of the foregoing, Plaintiff Cilauro sustained serious personal injuries and has been damaged in a sum of money that exceeds the jurisdiction of this Court.

### THIRD CLAIM (Warranty)

51. Plaintiffs repeat each and every allegation set forth in the first and second causes of action as if set forth fully herein.

52. Defendants represented and advertised the Hand Truck and Bungee Cord as safe for its intended use, and impliedly warranted that it was free from defect, and that the Bungee Cord functioned properly and was safe for its intended use.

53. Cilauro purchased the Hand Truck and Bungee Cord relying on defendants' warranty that it was safe for its intended use and not defective.

54. Had Cilauro known that the Bungee Cord was dangerous and defective when used with the Hand Truck, she would not have purchased the Hand Truck, and would not have used the Bungee Cord.

55. The Bungee Cord was not merchantable inasmuch as it could not pass without objection in the trade as merchantable and fit for its intended use, and was dangerous and defective.

56. By reason of the foregoing defendants breached their warranty of merchantability.

57. As a direct and proximate cause of defendants' breach of warranties, Cilauro sustained serious personal injuries.

58.   By reason of the foregoing, plaintiffs have been damaged in a sum of money which exceeds the jurisdictional limits of this Court.

### FOUTH CLAIM (IMPLIED WARRANTY)

59.   Plaintiffs repeat each and every allegation in the previous causes of action as if fully set forth herein.

60.   By reason of the foregoing defendants breached their implied warranty of merchantability.

61.   By reason of the foregoing Plaintiffs suffered serious personal injuries and has been damaged in a sum of money which exceeds the jurisdictional limits of this Court.

### FIFTH CLAIM

62.   Plaintiffs repeat all allegations of the previous causes of action as if fully set forth herein.

63.   At all times herein mentioned Cilauro and Joseph Cilauro were and are husband and wife and resided together in the same household.

64.   By reason of the foregoing Joseph Cilauro has lost the services and consortium of his wife and has been damaged in a sum of money that exceeds the jurisdiction of the lower courts.

WHEREFORE, Plaintiffs demand damages on their First, Second, Third, Fourth, and Fifth Claims in sums of money which

exceed the monetary jurisdictional threshold of this Court,

together with interest, cost and disbursements.


Dated: New York, New York
       November 30, 2016

Martin H. Weisfuse
WEISFUSE & WEISFUSE, LLP
Attorneys for Plaintiffs
420 Lexington Avenue Ste.2328
New York, New York 10170
(212) 983-3000

Index No.

████ ██████ DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

===========================================================

MARIANNA CILAURO ███ JOSEPH CILAURO,

                              Plaintiff,

        -against-

GLEASON INDUSTRIAL PRODUCTS, INC. ███ HOME DEPOT USA, INC.,

                              Defendants.

===========================================================

SUMMONS AND AMENDED COMPLAINT

===========================================================

WEISFUSE & WEISFUSE, LLP
Attorneys for Plaintiffs
420 Lexington Ave.-Suite █████
New York, NY 10170
(212) 983-3000

===========================================================

Please Take Notice

___ Notice of Entry
that the within is a true copy of a        duly entered in the office
of the clerk of the within named Court on     , 200 .


___ Notice of Settlement
that a         of which the within is a true copy will be presented
for settlement to the Hon.          one of the judges of the within
named Court, at        on              , 200  at       .m.
Dated: